Peck, J.
delivered the opinion of the court.
On the facts agreed in this case, the question arises, whether M’Gavock could survey his land corresponding to the black lines, although those lines conform to the entry; while the parts adjoining his beginning and to the west of his third line as run, remained vacant and unappropriated. Both Shannon and M’Gavock were purchasers from the State. Shannon, though he did not survey his entry in the time limited, did not forfeit all right. The act of 1823, ch. 35, sec. 8 and 9, was passed as well to give time to previous enterers, whose claims had not been surveyed, as to hasten surveys in future: no one will pretend that the survey after the time had expired, would not authorize a grant, and that grant be good against the State. Acts of 1825, ch. 16; 1823, ch. 35, sec. 8. Still, for continued laches, Shannon’s right might have been lost, though, by the aid of subsequent acts, has not been.' This preliminary question it is deemed proper to discuss; because, if Shannon had lost all right, it might be questioned whether he could call in contest in this caveat, the entry and survey of M’Gavock. But the whole .policy of our laws having for their object the satisfaction of claims once well founded, 'is evinced in the number of statutes prolonging the time within which surveys may be made, and reviving claims forfeited by neglect. Shannon therefore must be taken as not absolutely postponed by reason of the time for making his survey having elapsed; and the rights the law gives him are, notwithstanding lapse of time, such as enable him to contest the rights of M’Gavock under his survey, made subsequent to the survey of Shannon, and in the form made.
This narrows the case to the question, how shall M’-Gavock make his survey under his entry? That he has *133 conformed to his entry, is agreed. But a single glance at the diagram, will show-that whatever we may say of the entry, the survey is against law, so long as the triangles E. andF. remain vacant. Sec. 28, act 1S19, ch. 1. The right to enter is one thing, and the duty of the surveyor another. The law to him is directory. Where not restrained by lines of elder claims, or by natural boundaries, the survey must be in a square or oblong, and run to the cardinal points; and these rules are not to be departed from, unless particular circumstances require it. Acts of 1819, ch. 1, sec. 28; 1824, ch. 22, sec. 1, 12. These directions of the acts have been departed from, without circumstances to justify it. The surveyor should have controlled the en-terer where limited in the duty assigned him; conforming to the first calls of the entry of M’Gavock, he should have surveyed as the law required, disregarding such calls, as upon experiment in making the survey, were found unreasonable and impossible to be complied with. If this had been done, Shannon would nothave been included or molested.
The law in regard to entries, as well as in relation to grants, delights rather in the maintenance of them, than that they should perish; here, if the law had been followed, both entries could have stood and become effectual to vest a legal title; both enterers would have-had what the law intended to give. The mode of reaching Shannon in the survey of M’Gavock, was an injury both to the State and to the first enterer. It is done in violation of the express words of the act of 1829, ch. 1, sec. 28. Shannon, being clothed with rights which he might have pursued, may well resist this caveat in a contest with him having ho legal right to the land in controversy; and his power to resist becomes the stronger in a case where M’Gavock violates the law and is the actor. The judgment given below was therefore proper, and is affirmed.
Judgment affirmed.